## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSHUA ROSCOE B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No. 1:24-cv-00476-BLW-DKG <br><br> **MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

This is a case in which the Plaintiff appeals the Commissioner of Social Security's denial of his disability and supplemental social security income claims. The matter is before the Court on United States Magistrate Judge Debora K. Grasham's Report and Recommendation (Dkt. 22), the Plaintiff's Objections (Dkt. 25) to that Report, and the Commissioner's response to those Objections (Dkt. 26). For the reasons explained below, the Court will overrule the Objections, adopt the Report and Recommendation in its entirety, and affirm the decision of the Commissioner.

MEMORANDUM DECISION AND ORDER - 1

## BACKGROUND[1]

Plaintiff's applications were initially denied by an Administrative Law Judge, or ALJ for short. Plaintiff appealed the decision to the Appeals Council, which denied Plaintiff's Request for Review, making the ALJ's decision the final decision of the Commissioner. Plaintiff then filed a petition in this Court. He alleged one point of error, that the ALJ improperly concluded that Chad R. Christensen, Psy.D.'s residual functional capacity determination was unsupported by substantial evidence. Judge Grasham then reviewed the arguments and the record and recommended that the Court affirm the Commissioner's decision.

## LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report . . . to which objection is made." *Id.* Where, however, no objections are filed, the district court need not conduct a de novo review. To the extent that no objections are made, arguments contesting the report and recommendation are waived. *See* Fed. R. Civ.

---

[1] The factual and procedural background are detailed more fully in the Report and Recommendation, which the Court adopts in full.

**MEMORANDUM DECISION AND ORDER - 2**

P. 72; 28 U.S.C. § 636(b)(1). Here, Plaintiff filed objections and the Court has conducted a de novo review of those portions of the Report and Recommendation objected to as well as of the relevant portions of the record.

## ANALYSIS

In contending that this Court should not adopt the Report and Recommendation, Plaintiff raises objections to Judge Grasham's conclusions that:

(1) The ALJ's determination that Dr. Christensen's opinion was vague satisfies the regulation's requirement to articulate an evaluation of supportability;

(2) The ALJ properly rejected Dr. Christensen's opinion because it overly relied on Plaintiff's subjective complaints;

(3) Even if the ALJ's articulation of the supportability factor was in error, that error was harmless; and

(4) The ALJ properly articulated a consistency evaluation by reference to the record as a whole.

## 1.    Articulation of Supportability Evaluation

Plaintiff objects to Judge Grasham's determination that because the ALJ found Dr. Christensen's opinion was vague, the ALJ permissibly concluded that the opinion lacked supportability. Dkt. 25 at 2-3. There are two aspects to

MEMORANDUM DECISION AND ORDER - 3

Plaintiff's objection. First, he argues that the ALJ did not explain the interaction between finding Dr. Christensen's opinion vague and the supportability factor. Dkt. 25 at 2. This argument misses the mark because the ALJ's finding that Dr. Christensen's opinion was vague itself shows that his opinion is insufficiently supported. *Roxane D. v. Kijakazi*, 2023 WL 2838121, at *3 (D. Minn. Feb. 13, 2023) ("though the ALJ did not use the word supportability, his decision to disregard the opinion for vagueness necessarily evaluates supportability, as it finds the opinion to be unsupported by adequate explanation").

Second, Plaintiff argues that Judge Grasham's analysis on this point overlooks the central question of the supportability factor: whether there was objective medical evidence or a supporting explanation to support Dr. Christensen's opinion. Dkt. 25 at 3. But again, the ALJ's finding that Dr. Christensen's opinion was vague itself shows that the ALJ determined that his opinion was insufficiently supported. *See Roxane D.*, 2023 WL 2838121, at *3. The ALJ even specified that part of this finding was that Dr. Christensen "did not use defined terms in assessing limitations." A.R. 27, Dkt. 13 at 31. Such analysis further shows that the ALJ necessarily determined that Dr. Christensen's opinion lacked sufficient support. *See Ramirez v. Comm'r of Soc. Sec. Admin.*, 2022 WL 3443677 at *7, (D. Ariz. Aug. 17, 2022) (determining that the ALJ addressed

**MEMORANDUM DECISION AND ORDER - 4**

supportability of medical opinion by noting the provider relied on vague terms to describe the degree of plaintiff's limitations). In fact, it is difficult to imagine how a vague opinion using undefined terms could ever be adequately supported because it would be difficult to say what exactly the evidence was supporting. The Court thus overrules Plaintiff's objection to Judge Grasham's well-reasoned analysis regarding the ALJ's articulation of the supportability factor.

**2.      Over Reliance on Subjective Complaints**

Plaintiff also objects to Judge Grasham's determination that the ALJ permissibly rejected Dr. Christensen's opinion because it overly relied on Plaintiff's subjective complaints. Dkt. 25 at 3-4. More specifically, Plaintiff argues that in arriving at her determination, Judge Grasham ignored Dr. Christensen's objective observations of Plaintiff and the role these observations played in Dr. Christensen's opinion. Dkt. 25 at 3-4.

But this argument is undermined by the wording of Judge Grasham's opinion. She recognized that in addition to the subjective complaints, Dr. Christensen also based his opinion on "some medical and treatment records" and that his "conclusion incorporated both Plaintiff's symptom statements and Christensen's *own clinical observations and testing* made during the evaluation." Dkt. 22 at 10 (emphasis added). Judge Grasham also acknowledged that subjective

MEMORANDUM DECISION AND ORDER - 5

complaints can be particularly useful for a medical opinion in the mental health context, as was involved here, especially in combination with observations. Dkt. 22 at 8-10. Nevertheless, Judge Grasham concluded that the ALJ's determination that Dr. Christensen heavily relied on Plaintiff's subjective complaints was reasonable, as shown by Dr. Christensen's recitation of those complaints in the summary and conclusion sections of his opinion. Dkt. 22 at 10 (citing A.R. 460-62, Dkt. 13 at 464-66).

Furthermore, the ALJ determined that Plaintiff's subjective complaints lacked credibility because they contradicted reports he provided only a month prior during a different mental health examination. A.R. 27, Dkt. 13 at 31. Plaintiff does not contest this credibility finding. And where subjective complaints heavily relied on for an opinion lack credibility, the ALJ may discount that opinion. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) ("If a treating provider's opinions are based 'to a large extent' on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the treating provider's opinion"). The ALJ's finding that Dr. Christensen overly relied on Plaintiff's subjective complaints and her discounting of Dr. Christensen's opinion accordingly are thus supported by substantial evidence. The Court overrules Plaintiff's objection to Judge Grasham's analysis of this point.

MEMORANDUM DECISION AND ORDER - 6

### 3.    Harmless Error

Plaintiff further objects to Judge Grasham's determination that even if the ALJ's articulation of the supportability factor was error, it was harmless error. He argues that if the ALJ erred in evaluating the support factor, his case must be remanded because a determination on that point must be made by the ALJ in the first instance. Dkt. 25 at 4-5 (citing *Damon R. v. Dudeck*, 2025 WL 955574 (D. Idaho Mar. 31, 2025)).

In *Damon R.*, the Court explained that an error is harmless where a reviewing court "can confidently conclude that no reasonable ALJ" could have reached a different disability determination without the error. *Damon R.*, 2025 WL 955574, at *2. The Court then refused to find the error at issue harmless where the ALJ "did not articulate any consideration of supportability." *Id.*, at *3. The Court explained that "[t]he lack of consideration is what renders the error harmful" because the Court could not conclude that if the ALJ fully considered the supportability of the opinion at issue, it would not have reached a different decision. *Id.*

Here, in contrast, the ALJ did consider the supportability factor and her determination that Dr. Christensen's opinion lacked supportability is backed by substantial evidence. *Supra* pages 3-6. However, Judge Grasham's harmless error

**MEMORANDUM DECISION AND ORDER - 7**

analysis is correct in any event.

In making a Social Security disability evaluation, an ALJ must articulate how persuasive she finds "all of the medical opinions" in a claimant's case record and explain how the supportability and consistency factors were considered in arriving at this determination. 20 C.F.R. § 404.1520c(b)(2) ("we will explain how we considered the supportability and consistency factors for a medical source's medical opinions . . . in your determination or decision"); *see also Finney v. Kijakazi*, 2022 WL 17830000, at *2 (9th Cir. Dec. 21, 2022) (holding an ALJ "must" explain how the supportability and consistency factors were considered in assessing a medical opinion's persuasiveness).

That said, in publishing revised regulations, the Social Security Administration explained that a "medical opinion without supporting evidence, *or* one that is inconsistent with evidence from other sources, will not be persuasive regardless of who made the medical opinion." 82 Fed. Reg. 5844, 5854 (Jan. 18, 2017) (emphasis added). A medical opinion is thus unpersuasive if it is either unsupported by, or inconsistent with, the record. *Woods v. Kijakazi*, 32 F.4th 785, 792-93 (9th Cir. 2022). In *Woods*, the ALJ found a medical opinion was unpersuasive "because it was inconsistent with the overall treating notes and mental status exams in the record." *Id.* at 793, 793 n.4. The Ninth Circuit

**MEMORANDUM DECISION AND ORDER - 8**

recognized that while the ALJ had used the word "support" in evaluating the consistency factor, "the ALJ plainly did not intend to make a supportability finding." *Id.* at 793 n.4. Still, the Ninth Circuit held the ALJ's inconsistency finding was supported by substantial evidence and sufficient for the ALJ to find a medical opinion unpersuasive. *Id.* at 792-93.

Here, the ALJ determined that Dr. Christensen's opinion was inconsistent, and for this reason she found Dr. Christensen's opinion unpersuasive. A.R. 27, Dkt. 13 at 31 ("the overly restrictive limitations of [his opinion] are inconsistent with the record as a whole. Accordingly, I find his opinions unpersuasive."). This Court agrees with Judge Grasham's determination that the ALJ's inconsistency finding is supported by substantial evidence, *infra* pages 9-10, and her conclusion that in discounting an opinion as unpersuasive an ALJ need only find it unsupported or inconsistent, *see Woods*, 32 F.4th at 792-93. Accordingly, the Court overrules Plaintiff's third objection.

## 4. Articulation of a Consistency Evaluation

Finally, Plaintiff objects to Judge Grasham's determination that the ALJ properly articulated the consistency evaluation by reference to "the record as a whole." Dkt. 25 at 5-6. Plaintiff argues that "the ALJ did not link the specific evidence to h[er] consistency evaluation." Dkt. 25 at 5. Plaintiff is incorrect, as the

MEMORANDUM DECISION AND ORDER - 9

ALJ explained that the results of an exam performed on the Plaintiff roughly a month prior to Dr. Christensen's exam differed significantly with Plaintiff's presentation to Dr. Christensen. A.R. 27, Dkt. 13 at 31. The ALJ then noted:

> the opinions of Dr. Christensen are inconsistent with broader treatment records, particularly from Access Behavioral Health Services, as mental status examinations showed evidence of persisting depressed and anxious mood and affect, but no significant evidence of abnormalities in thought content or thought process, judgment and insight remained fair, he denied suicidal/homicidal intent or hallucinations, and psychomotor activity remained within normal limits

A.R. 27, Dkt. 13 at 31. "Consequently," the ALJ continued in the next sentence, "the overly restrictive limitations of Dr. Christensen are inconsistent with the record as a whole. Accordingly, I find his opinions unpersuasive." A.R. 27, Dkt. 13 at 31. In context then, "the record as a whole" refers to numerous specifically identified portions of the record that the ALJ found to be "inconsistent with" Dr. Christensen's opinion, undermining Plaintiff's assertion that "the ALJ did not link the specific evidence to his consistency evaluation." *See* Dkt. 25 at 5. The Court thus overrules Plaintiff's fourth objection as well.

## ORDER

IT IS ORDERED:

1. Plaintiff's Objections to the Report and Recommendation (Dkt. 25) are **OVERRULED**.

MEMORANDUM DECISION AND ORDER - 10

2.   The Report and Recommendation (Dkt. 22) is **INCORPORATED** and

     **ADOPTED** in its entirety.

3.   The Commissioner's decision is **AFFIRMED**.

4.   The Court will enter a separate judgment in favor of the Commissioner in

     accordance with Federal Rule of Civil Procedure 58.

DATED: March 31, 2026

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 11**